**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**DERRICK DWAYNE SNEEZE**                                    **CIVIL ACTION**

**VERSUS**                                                              **NO. 11-987**

**TERREBONNE PARISH SHERIFF'S OFFICE**              **SECTION "I"(1)**

**REPORT AND RECOMMENDATION**

Plaintiff, Derrick Dwayne Sneeze, filed this civil action pursuant to 42 U.S.C. § 1983. He named the Terrebonne Parish Sheriff's Office as the sole defendant. As relief, he seeks monetary damages.

In the complaint, plaintiff states his claim as follows: "I contracted the skin disease folliculitis while incarcerated at the Terrebonne Parish Criminal Justice Complex between the months of June through Dec. 2010, from poorly cleaned showers, and la[u]ndry according to Dr. Haydel who is the doctor at the facility."[1]

Plaintiff attached to his complaint a copy of the three-step grievance he submitted to jail officials concerning his claim. The first-step respondent rejected the grievance, stating: "You are provided cleaning supplies daily for your shower. It is your responsibility to <u>Use Them</u>! The laundry detergent used is effective in killing all forms of virus, fungi, and bacteria."[2] Plaintiff appealed; however, that appeal was denied by the second-step respondent, who stated that the dorm camera showed that jail personnel sprayed the shower but that the inmates did not then do the

---

[1] Rec. Doc. 1, p. 5. "Folliculitis is inflammation of one or more hair follicles. ... Common symptoms include a rash, itching, and pimples or pustules near a hair follicle in the neck, groin, or genital area." http://www.nlm.nih.gov/medlineplus/ency/article/000823.htm.

[2] Rec. Doc. 1, p. 7.

necessary cleaning.[3] Plaintiff again appealed. The third-step respondent likewise rejected the grievance, noting that he concurred with the responses at the prior steps and that there was no medical documentation showing that plaintiff in fact contracted the skin condition.[4]

### I. Standards of Review

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).[5] Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –

---

[3] Rec. Doc. 1, p. 8.

[4] Rec. Doc. 1, p. 9.

[5] "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c). At the time plaintiff filed this lawsuit, he was incarcerated at the Terrebonne Parish Criminal Justice Complex. Rec. Doc. 1, p. 3; Rec. Doc. 2, p. 1.

>    (i) is frivolous or malicious;
>    (ii) fails to state a claim on which relief may be granted; or
>    (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted). The United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citations and quotation marks omitted).

Although broadly construing plaintiff's complaint,[6] the undersigned recommends that, for the following reasons, plaintiff's complaint be dismissed as frivolous and for failure to state a claim on which relief may be granted.

## II.  Improper Defendant

The sole defendant named in this lawsuit is the Terrebonne Parish Sheriff's Office. However, "a sheriff's office is not a legal entity capable of being sued ...." Cozzo v. Tangipahoa Parish Council-President Government, 279 F.3d 273, 283 (5th Cir. 2002); see also Francis v. Terrebonne Parish Sheriff's Office, Civ. Action No. 08-4972, 2009 WL 4730707, at *2 (E.D. La. Dec. 9, 2009); Martinez v. Larpenter, Civ. Action No. 05-874, 2005 WL 3549524, at *5 (E.D. La. Nov. 1, 2005); Causey v. Parish of Tangipahoa, 167 F.Supp.2d 898, 904 (E.D. La. 2001). Therefore, the claims against the Terrebonne Parish Sheriff's Office clearly must be dismissed.

## III.  Plaintiff's Claim

Out of an abundance of caution, the Court further notes that even if plaintiff had named a proper defendant, *which he has not*, his underlying claim is frivolous. Clearly, there is a point beyond which prison conditions are so filthy and unsanitary as to render them unconstitutional. See, e.g., Gates v. Cook, 376 F.3d 323, 338 (5th Cir. 2004) (confinement in "'extremely filthy' [cells] with crusted fecal matter, urine, dried ejaculate, peeling and chipping paint, and old food particles on the walls" was unconstitutional). However, the conditions alleged by plaintiff do not approach that level.

---

[6] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

For example, plaintiff complains about the laundry service. However, the laundry in this case did not go unwashed; rather, plaintiff was simply dissatisfied with the quality of the detergent used. He is not entitled to his detergent of choice. See Tallmore v. Hebert, Civ. Action No. 07-1220, 2008 WL 2597939, at *3 (W.D. La. May 28, 2008) ("There is simply no constitutional requirement that any specific type of disinfectant be used by prison officials.") (adopted by Doherty, J., on June 26, 2008); Ellis v. Crowe, Civ. Action No. 09-3061, 2010 WL 724158, at *16 (E.D. La. Feb. 19, 2010) (rejecting a prisoner's claim that the cleaning supplies provided were not "the right stuff").

Plaintiff additionally complains that the showers were unsanitary. However, the mere fact that showers may have had mold, mildew or fungus does not warrant relief. See, e.g., Carter v. Strain, Civ. Action No. 09-15, 2009 WL 3231826, at *3 (E.D. La. Oct. 1, 2009); McCarty v. McGee, No. 2:06cv113, 2008 WL 341643, at *3 (S.D. Miss. Feb. 5, 2008) ("Plaintiff's claim that the shower he was forced to share with other inmates is polluted and covered in mold and fungus, causing him to catch athlete's foot and ringworm, fails to rise to the level of a constitutional violation."). Although prisons should be reasonably clean, "[t]he Constitution does not require that prisons be completely sanitized or as clean or free from potential hazards as one's home might be." McAllister v. Strain, Civ. Action No. 09-2823, 2009 WL 5178316, at *3 (E.D. La. Dec. 23, 2009). Further, the record indicates that plaintiff was given cleaning supplies to combat the conditions he found unsanitary. It is expressly noted that "[p]rison officials can constitutionally require inmates to keep their cells, living space and clothing clean by providing, or by requiring non-indigent inmates to purchase, cleaning supplies." Colby v. Gusman, Civ. Action No. 10-1004, 2010 WL 5477681, at *13 (E.D. La. Nov. 23, 2010), adopted, 2010 WL 5475617 (E.D. La. Dec. 28, 2010); Davis v.

5

Gusman, Civ. Action No. 09-7195, 2010 WL 1727825, at *21 (E.D. La. Apr. 13, 2010), adopted, 2010 WL 1727821 (E.D. La. Apr. 28, 2010).

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[7]

New Orleans, Louisiana, this ninth day of May, 2011.



　　　　　　　　　　　　　　**SALLY SHUSHAN**
　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**

---

[7] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.

6